```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

HAROLD PARKER,                  )
                                )
        Plaintiff,              )
                                )
        v.                      )    C.A. No. 09-12230-DPW
                                )
JAMES BENDER et al.,            )
                                )
        Defendants.             )
```

MEMORANDUM AND ORDER
April 26, 2010

For the reasons set forth below (1) the Clerk shall issue summons as to Anthony Mendosa; and (2) the claims against all other defendants will be dismissed.

Plaintiff Harold Parker is an inmate serving a Massachusetts sentence but confined in the High Security Center Adult Correctional Institution ("ACI") in Cranston, Rhode Island.  On December 28, 2009, he filed a self-prepared complaint in which he alleges that he was wrongfully (1) kept in solitary confinement while housed at the Souza-Baranowski Correctional Center ("SBCC"); (2) transferred to Rhode Island; and (3) subject to unsafe conditions at ACI.

On April 1, 2010, I issued a memorandum and order (#5) in which I directed Parker to show cause why his action should not be dismissed.  I explained that (1) Parker did not have a liberty interest in avoiding an out-of-state transfer or in avoiding placement in solitary confinement pending that transfer; (2) the conditions in solitary confinement did not violate the Eighth

Amendment; (3) the conditions of confinement at the Rhode Island facility did not violate the Eighth Amendment because Parker's allegations that his life was in danger were conclusory and did not meet the notice pleading requirements of Fed. R. Civ. P. 8(a)(2); (4) Parker had not stated a claim for denial of access to the courts because he had not alleged any injury resulting from his restricted access to Massachusetts legal materials; and (5) Parker had not alleged a violation of his Sixth Amendment rights.

On April 8, 2010, Parker responded to the show cause order by filing an amended complaint. For the most part, the allegations on the amended complaint are duplicative of those in the original complaint. With one significant exception, discussed below, Parker's theories of wrongdoing appear to be the same: various parties relied on faulty and even fabricated evidence in deciding that Parker should be transferred to an out-of-state facility; because he was classified for an out-of-state transfer, Parker had to stay in solitary confinement for an extended period of time for non-disciplinary reasons, where conditions were more restrictive than those enjoyed by the general prison population; Department of Correction officials have not appropriately responded to Parker's complaints that his life is in danger at ACI. The reasons for which these allegations do not support a claim for relief are set forth in

the April 1, 2010 memorandum and order; I need not rehearse them here again.

Nonetheless, the amended complaint does present one new claim: that SBCC Deputy Superintendent Anthony Mendosa orchestrated Parker's out-of-state transfer in retaliation for Parker's filing a grievance regarding racial discrimination. *See, e.g.*, *McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir. 1979) (although a "prisoner does not have a right to hearing before being transferred," . . . a prisoner may establish a claim under 42 U.S.C. § 1983 "if the decision to transfer him was made by reason of his exercise of constitutionally protected First Amendment freedoms"). Parker alleges that Mendosa, with a retaliatory motive, fabricated evidence against Parker to support the original reclassification for transfer and an denial of Parker's appeal of the transfer decision, even though Mendosa's superior had originally granted the appeal.

Thus, I will allow the claim of retaliation to go forward against Mendosa, and it shall be construed as a claim under 42 U.S.C. § 1983 for a violation of Mendosa's right under the First Amendment to be free from retaliation for exercising a protected First Amendment freedom. I will not allow the retaliation claim to go forward as to other defendants who participated in the transfer decision. Although other defendants may have relied on the allegedly false information that Mendosa provided, Parker has

not alleged that other defendants acted with a retaliatory motive.

Accordingly:

(1)  The Clerk shall issue as to Mendosa, and the United States Marshal shall serve a copy of the summons, amended complaint, and this order upon Mendosa as directed by plaintiff with all costs of service to be advanced by the United States. The plaintiff shall have 120 days from the date of this Order to complete service in accordance with Fed. R. Civ. P. 4.

(2)  The retaliation claim, as defined above, shall go forward against Mendosa.  All other claims against Mendosa and all other defendants shall be dismissed.

SO ORDERED.

                         /s/ Douglas P. Woodlock  
                         DOUGLAS P. WOODLOCK  
                         UNITED STATES DISTRICT JUDGE